IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


CATHERINE D. RANDOLPH                    *
                        Petitioner,
            v.                           *   CIVIL ACTION NO. JFM-09-951

CLIFTON T. PERKINS STATE                 *
    HOSPITAL CENTER, et al.
                        Respondents.     *
                                        ***

## MEMORANDUM

The above-captioned petition for habeas corpus relief was received in letter form on April 11, 2009.   The action raises a direct attack on petitioner's continuing detention at the Clifton T. Perkins State Hospital Center ("Perkins"), alleging multiple due process violations associated with her competency hearing, administrative complaints, treatment plan, and judicial findings. Respondents have now filed a court-ordered response and petitioner has filed several letter oppositions.[1]  For reasons to follow the petition shall be dismissed without prejudice.

Respondents claims that on January 17, 2006, petitioner was charged  in the Circuit Court for Baltimore City with armed robbery, robbery, kidnapping a minor, assault, theft, and handgun violations.   Paper No. 8 at Ex. 1.  On March 17, 2008, Judge Gale E. Rasin ordered a pre-trial competency evaluation of petitioner.  *Id*., Ex. 4.  She was admitted to Perkins for a competency evaluation on June 2, 2008.  Petitioner, however, refused to respond to questions regarding her hospitalization or legal charges, instead claiming, as she does here, that she was falsely accused and did not commit any criminal acts.  *Id*., Ex. 5.  On July 24, 2008, the Perkins Clinical Director and Director of Pre-Trial Services wrote Judge Rasin that petitioner was incompetent to stand trial, a

---

[1]      Throughout the brief pendency of this action petitioner has peppered the court with letters demanding her release from confinement and claiming that members of the Perkins treatment team are not addressing her complaints.  She continues to claim she is being falsely imprisoned and should not have any criminal cases pending against her.

danger to herself and others due to a mental disorder, and in need of continuing inpatient treatment. Paper No. 8, Exs. 4 & 5.  A copy of the evaluation was attached.  *Id*., Ex. 5.

On July 25, 2008, the Circuit Court for Baltimore City found petitioner incompetent to stand trial and dangerous because of her mental disorder.  *Id*., Ex. 6.  She was committed to the Department of Health and Mental Hygiene ("DHMH").  *Id.*

On January 22, 2009, the Perkins Clinical Director and Director of Pre-Trial Services forwarded a semi-annual report to the Circuit Court as required under Maryland law.  *Id*., Ex. 7. The report found that petitioner remained incompetent to stand trial and dangerous because of her mental disorder.  *Id*., Exs. 7 & 8.  Petitioner remains committed to the DHMH.  Her annual hearing required by Md. Code Ann., Crim. Proc. § 3-106(c)(l)(i) is scheduled to occur on or about July 24, 2009.  *Id*., Ex. 6.

Before a petitioner seeks federal habeas corpus relief, she must exhaust each and every claim presented to the federal court by first pursuing remedies available in the state court.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  *See O'Sullivan v. Boerckel*, 526 U. S. 838, 845-47 (1999).  It affords the state courts the first opportunity to review federal constitutional challenges and preserves their role in protecting federally guaranteed rights.

Respondents claim, and it is not adequately refuted,[2] that although petitioner is permitted by Maryland law to appeal an incompetency finding, she has never appealed the aforementioned Circuit Court determination finding her incompetent and committing her to the DHMH.  They consequently

---

[2]      Petitioner claims that she has "exhausted state remedies."  Respondents' exhibits do not support her claim.

argue that the petition is subject to dismissal for non-exhaustion.   The court concurs.  The petition

shall be dismissed without prejudice for non-exhaustion.[3]  A separate Order follows.


Date: <u>July 14, 2009</u>                                    <u>      /s/                                         </u>
                                                             J. Frederick Motz
                                                             United States District Judge

---

[3]        The court observes from the attachments that petitioner is represented by counsel in her state court proceedings.  In light of this and the findings of the court, her motion for appointment of counsel (Paper No. 5) shall be denied.